IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDA KEGEBEIN,

       Plaintiffs,               No. 2:10-cv-01166 JAM KJN

    v.

SAFEWAY INC., a corporation; and
DOES 1 THROUGH 50, inclusive,

       Defendants.        <u>ORDER</u>
_____/

       Presently before the court is the parties' "Stipulation For Protective Order," which seeks an order limiting the use and dissemination of information that the parties seek to designate as "confidential information." (Stip. for Protective Order, Dkt. No. 15.) The undersigned will not approve the proposed stipulated protective order as drafted because it does not conform to the requirements of Eastern District Local Rule 141.1.

       This court's Local Rule 141.1(c) provides:

       **(c)    Requirements of a Proposed Protective Order.** All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective order shall contain the following provisions:

       (1)   A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

1

(2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c).  Although the Stipulation For Protective Order acknowledges Local Rule 141.1 and generally makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3).  Indeed, paragraph 8 of the Stipulation For Protective Order strongly suggests that the parties are able to achieve their goal of preserving the confidentiality of certain information through a private agreement and without a court order.  Accordingly, the undersigned does not approve the Stipulation For Protective Order as proposed.  However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and the court's Local Rules.

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' Stipulation For Protective Order is not approved, but without prejudice to the refiling of a sufficient proposed stipulated protective order.

IT IS SO ORDERED.

DATED:  February 9, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE