DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY, ESQ. (SBN 082482)
J. CROSS CREASON III, ESQ. (SBN 209492)
225 BUSH STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104-4207
TELEPHONE: (415) 397-2700
FACSIMILE: (415) 397-3300


FILED
MAY 18 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

BRENDA KEGEBEIN
　　　　Plaintiff,

vs.

SAFEWAY INC., a corporation; and
DOES 1 THROUGH 50, inclusive.

　　　　Defendants.

CASE NO. 2:10-cv-1166-JAM-KJN

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

DATE: May 4, 2011
TIME: 9:30AM
COURTROOM: 6

　　The motion of defendant SAFEWAY INC. ("Safeway") came on for hearing on May 2, 2011. Kara Keister, Esq., appeared for Plaintiff BRENDA KEGEBEIN ("Plaintiff"). William F. Murphy, Esq. and J. Cross Creason, Esq. appeared for Safeway. Having considered the matters submitted in support of and in opposition to the motion, and good cause appearing, the Court hereby GRANTS Safeway's Motion for Summary Judgment.[1]

　　The undisputed material facts establish that in late April 2009, after the suspension and termination of Plaintiff's Safeway employment, Plaintiff knowingly and voluntarily entered into a written Settlement Agreement settling "any and all claims against Safeway Inc., its officers, directors, agents and/or employees, successors and/or assigns by [Plaintiff], which

---

[1] This Order incorporates the May 4, 2011 Reporter's Transcript of the Court's Ruling, a copy of which is attached hereto as Exhibit A.

Page 1 – Case No. 2:10-cv-1166-JAM-KJN
[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

arose out of or are in any way connected with [Plaintiff's] employment and/or termination." The Settlement Agreement bars all of the claims in Plaintiff's complaint and, on that basis, the Court grants summary judgment in favor of Safeway and against Plaintiff on all of Plaintiff's claims.

On the following alternative and additional grounds, the Court also grants summary judgment in favor of Safeway and against Plaintiff on Plaintiff's claims for harassment in violation of the California Fair Employment and Housing Act ("FEHA") on the basis of her age or her gender contained in her First and Second Causes of Action. Plaintiff submitted no argument in opposition to Safeway's motion for summary judgment on her claims for harassment on the basis of her age and gender in violation of the FEHA and, on that ground, the Court grants summary judgment. The Court further alternatively grants Safeway's motion for summary judgment on Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action: Plaintiff's claims for breach of contract [Fourth Cause of Action] breach of the implied covenant of good faith and fair dealing [Fifth Cause of Action] are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA § 301") and time-barred under 29 U.S.C. Section 160(b). The Court also alternatively grants summary judgment on Plaintiff's claims for negligent hiring and retention [Sixth Cause of Action] and intentional infliction of emotional distress [Seventh Cause of Action] to the extent they are merely duplicative of her claims for discrimination under the FEHA and because they are otherwise preempted by LMRA § 301 and time barred as they are based on the events giving rise to the suspension and termination of her Safeway employment and, therefore, necessarily would require the Court to determine whether Safeway had good cause within the meaning of the collective bargaining agreement to terminate Plaintiff's employment.

Given the Court's grant of summary judgment for Safeway and against Plaintiff on all claims, on the basis of the Settlement Agreement, the Court declines to reach Safeway's argument that summary judgment should be granted for additional reasons on Plaintiff's claims for discrimination on the basis of age and her gender in violation of the FEHA and in violation

of public policy [First, Second and Third Causes of Action]. Given the Court's grant of summary judgment on all claims, and separately on Plaintiffs Fourth, Fifth, Sixth and Seventh Causes of Action, the Court also declines to reach Safeway's argument that the exclusivity provisions of the California Workers' Compensation Act bar Plaintiff's Sixth and Seventh Causes of Action, and declines to rule on Safeway's argument that Plaintiff failed to produce evidence to support a necessary element of her Seventh Cause of Action (that Safeway "exceeded all bounds usually tolerated by decent society").

IT IS SO ORDERED

Dated: May 13, 2011.

UNITED STATES DISTRICT JUDGE

Approved as to form only:

LAW OFFICES OF ROBERT C. BOWMAN
KARA KEISTER, ESQ.

_____/s/_____
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

---oOo---

BRENDA KEGEBEIN,

        Plaintiff,

vs.                              No. Civ. S-10-1166

SAFEWAY INC., a
corporation; and DOES 1
through 50, inclusive,

        Defendants.

_____/

---oOo---

<u>REPORTER'S TRANSCRIPT</u>

COURT'S RULING

WEDNESDAY, MAY 4, 2011

---oOo---

Reported by:     KELLY O'HALLORAN, CSR #6660

```
                         APPEARANCES




For the Plaintiff:

     LAW OFFICES OF BOWMAN & ASSOCIATES
     2151 River Plaza Drive, Suite 105
     Sacramento, CA  95833
     BY:  KARA KEISTER

For the Defendant:

     DILLINGHAM & MURPHY, LLP
     225 Bush Street, 6th Floor
     San Francisco, CA  94104
     BY:  WILLIAM F. MURPHY
          J. CROSS CREASON III
```

1

SACRAMENTO, CALIFORNIA

WEDNESDAY, MAY 4, 2011, 9:30 A.M.

---oOo---

(Excerpt of proceedings.)

THE COURT: Okay. I'm prepared to rule as follows: It's a case where, Ms. Keister, I feel for your client. To be terminated for taking a cup of cream after 29 years just doesn't sit well. I don't deny that. That concerns me. And I appreciate the fact that your office took up her cause and has pursued this lawsuit on her behalf. But it's a case where, while her facts and situation is sympathetic, the law isn't. And despite your valiant attempt to distinguish cases and to come up with theories where this case should go forward, the cases that defendants have cited to the Court and rely upon really cut against her claims. And again, I don't know if she wants to pursue or has considered pursuing an action against her union or not, but she also unfortunately in her case is bearing the brunt of a decision to sign a release without fully considering the ramifications and effects of that release.

I do find that the Skrbina case, in effect almost similar to the facts in this case, is controlling in this case and does lead the Court to conclude that just on the argument that the summary judgment should be granted because of the signing of the settlement agreement by the plaintiff

1  in effect bars her claims is a meritorious argument. And on
2  those grounds, first and foremost, that summary judgment is
3  and will be granted. Butler is distinguishable. And I know
4  that there are similarities between Butler and this case, but
5  not enough similarities to make it persuasive that I should
6  not grant or cannot grant summary judgment. Maybe I'm wrong.
7  If your client takes this up, appeals this and takes it up to
8  the Ninth Circuit, maybe the Ninth Circuit might see it
9  differently. My reading of those two principal cases cut
10 against your client's argument and lead the Court to
11 conclude, and I'm required to conclude as a matter of law,
12 that summary judgment should be granted.
13      There's not ambiguity in this settlement agreement.
14 Despite the fact it could have been better drafted, it
15 doesn't create an ambiguity. It does say "any and all claims
16 which arose out of or are in any way connected with her
17 employment and/or termination." Skrbina does hold that a
18 general written release given by a plaintiff to an employer
19 for severance benefits does not violate the anti-waiver
20 provisions of California Civil Code Section 1542, and it bars
21 plaintiff's discrimination and harassment claims.
22      Plaintiff did admit that she was aware of and read
23 this paragraph 4 of the settlement agreement. Her unspoken
24 interpretation of this agreement does not permit her to make
25 claims against defendant and does not create a triable issue

1  of fact. That's the Jefferson case that we discussed earlier
2  which holds that "The general rule is that when a person with
3  the capacity of reading and understanding an instrument signs
4  it, he is, in the absence of fraud and imposition, bound by
5  its contents, and is estopped from saying that its provisions
6  are contrary to his intentions or understanding."
7  　　　　　The absence of an express waiver of unknown rights
8  under Civil Code Section 1542 is not an impediment to
9  enforcing the agreement because plaintiff did admit that the
10 claims asserted in the complaint were known or she suspected
11 or she was aware of them when she executed the settlement
12 agreement.
13 　　　　　As I mentioned, the broad scope of the settlement
14 language in paragraph 4 of this settlement agreement is
15 similar to the broad scope of the release agreement in
16 Skrbina. The Skrbina release may have been a bit more
17 specific, but this language is, again, broad enough to cover
18 these claims.
19 　　　　　Additionally, like the plaintiff's complaint in
20 Skrbina, each of the instant plaintiff's claims arise out of
21 her employment or termination with the defendant, and
22 therefore I do find Skrbina to be controlling in the case
23 before this Court.
24 　　　　　I also for purposes of the record as well find that
25 the duress argument as a matter of law does not carry any

1  weight. Duress does require "the doing of some type of
2  wrongful act which is sufficiently coercive to cause a
3  reasonably prudent person faced with no reasonable
4  alternative to succumb to the perpetrator's pressure."
5  That's the Perez vs. Uline case, 157 Cal.App.4th 953, a 2007
6  case.

7  In this case plaintiff has not come forth with any
8  evidence that there was any wrongful act by Safeway during
9  the settlement process. In fact, she never spoke to Safeway.
10 The argument that she was emotionally and financially
11 weakened and felt she had no other choice but to sign the
12 agreement is not fully supported by a lot of admissible
13 evidence. There was that one statement in her deposition,
14 but that in and of itself is not as a matter of law enough to
15 constitute duress. Again, in the Perez case, the court found
16 that the plaintiff in that case did not have a job and needed
17 the money offered under the agreement to pay the bills, and
18 that did not equate to economic duress.

19 For those reasons, the Court is granting summary
20 judgment in favor of the defendant and against the plaintiff
21 on all claims.

22 Just to complete the record in terms of the other
23 arguments raised by the defense, however, I'm not going to
24 reach the argument with respect to the merits or lack thereof
25 of the FEHA claim given my ruling on the release. I do find,

1  however, that the arguments with respect to the claims 4
2  through 7, the additional arguments as to why those should be
3  dismissed, clearly have merit.  That those claims are
4  preempted by Section 301 of the Labor-Management Relations
5  Act.  Although, again, a great theory, there's no evidence to
6  support that she had a separate contract with Safeway.  I've
7  seen that argument lots of times in these types of labor
8  cases.  But in terms of this specific case, again,
9  Ms. Keister, A for effort on behalf of your client, but there
10 just isn't any evidence to support that theory in this case.
11         Section 301 clearly preempts plaintiff's claims for
12 breach of contract and breach of implied covenant of good
13 faith and fair dealing because they arise out of her alleged
14 employment agreement.  Her claims for negligent hiring and
15 retention and intentional infliction of emotional distress
16 are also duplicative of her FEHA claims, and those are
17 preempted by Section 301 because they're based on the events
18 giving rise to the suspension and termination of her
19 employment and therefore necessarily would require this Court
20 to determine whether the defendant had good cause within the
21 meaning of the collective bargaining agreement to terminate
22 plaintiff's employment.
23         Further, defendants raise an argument that the claims
24 are barred by the applicable six-month statute of limitations
25 set forth in 29 U.S.C. Section 160(b).  That argument was not

1  opposed.  I also find that argument as well to have merit.

2  I'm not going to reach and don't need to reach the

3  argument as to whether claims 6 and 7 are also barred by the

4  California Workers' Compensation Act given my other rulings.

5  I'm again exercising my discretion in the lack of a need to

6  reach that issue as well.

7  And then, finally, there is the argument that I should

8  dismiss claim 7 as well, the intentional infliction of

9  emotional distress, because there's no proof that the

10 defendant "exceeded all bounds usually tolerated by decent

11 society."  Again, I refuse to reach and don't need to reach

12 that issue given the Court's ruling granting summary judgment

13 on other grounds.

14 Mr. Murphy, I don't know if you prepared a proposed

15 order.  I'd prefer that you prepare an order that reflects

16 the Court's rulings here today.  Submit it to the plaintiff's

17 counsel for approval as to form.  If you can get it to me

18 within ten days, I'd appreciate it.  If you simply want to

19 submit an order that then attaches the transcript or says for

20 the reasons set forth or stated at the hearing, that's fine

21 with me as well.  I leave it up to you as to what form of the

22 order you want to submit.

23 MR. MURPHY:  We will do that forthwith.

24 THE COURT:  Your client's not here.  You can pass

25 along what I said to you.  It's an unfortunate situation.

1    Mr. Murphy's doing his job. You're doing your job on her
2    behalf. The law sometimes is cruel in these situations. I
3    know it's difficult to explain that to clients. It just
4    didn't sit well. I don't think necessarily Mr. Murphy
5    disagrees that at first blush, this is a case that really
6    bothers you when someone who's worked for 29 years gets fired
7    for taking a cup of milk. It's almost like
8    Les Misérables in some ways. But my job is to review the
9    cases, enforce the law, and apply it as I see fit. And I
10   honestly didn't see any way around it. The briefs were
11   excellent. You both made excellent arguments. And sometimes
12   it's a difficult job to do.
13        With that, any trial dates, any other dates we set are
14   obviously vacated, unless it's appealed and the Ninth Circuit
15   reverses me, and I'll see you in two or three years.
16        Thank you both. All of you, thank you.
17        MR. MURPHY: Thank you, your Honor.
18        (Proceedings concluded at 11:44 a.m.)
19
20
21
22
23
24
25

1         I certify that the foregoing is a correct transcript

2 from the record of proceedings in the above-entitled matter.

3

4

5                 /s/ Kelly O'Halloran

6                 KELLY O'HALLORAN, CSR #6660